FORM ordipos

# UNITED STATES BANKRUPTCY COURT
### Northern District of Florida
### Tallahassee Division

In Re:  Olin Construction Company, Inc.  
       Debtor

Bankruptcy Case No.:  08–40084–LMK

Chapter:  11  
Judge:  Lewis M. Killian Jr.

### ORDER CONTINUING DEBTOR IN POSSESSION, AUTHORIZING CONTINUATION OF BUSINESS COMBINED WITH AUTOMATIC STAY AND SPECIFIC INJUNCTION AND ON OTHER RELATED MATTERS

**THIS CAUSE** coming on to be heard upon the verified petition of Olin Construction Company, Inc. , filed herein on February 13, 2008 , and it appearing therefrom that said petition complies with the requirements of Chapter 11 of Title 11, United States Code and that it was filed in good faith, and this Court, being vested with exclusive jurisdiction over said Debtor and his property, wherever located, finding that, pending further order or hearing held after notice pursuant to application by an interested party, the Debtor–in–Possession should be authorized to continue his business and manage his property and that specific injunctive relief and notice thereof should be given in addition to the automatic injunctive provisions of §362 of Title 11, United States Code, it is therefore

***ORDERED AND NOTICE IS HEREBY GIVEN that:***

1) The Debtor, Olin Construction Company, Inc. , as Debtor–in–Possession, be and it hereby is authorized and allowed to remain in full operation of its business and to manage its property as a Debtor–in–Possession, consistent with all applicable provisions of Chapter 11 of Title 11 of the United States Code, until further order of this Court and in such capacity, being subject to the same duties, responsibilities, and liabilities as a trustee of the estate, as provided in §1107 of Chapter 11 of Title 11, United States Code, and shall, subject to the provisions of §363 and §364;

    a) have full power and authority to conduct the continued operation of its business, including the authority to buy and sell merchandise, supplies and other property in the ordinary course of business for cash or by obtaining trade credit, to continue the employment of all present employees at present salaries and wages, to purchase or otherwise acquire for cash or by obtaining trade credit, such materials, equipment, machinery, supplies, services or other property as it may deem necessary and advisable in the ordinary course of business and in connection with the prudent operation and preservation and protection of the business, to enter into any contracts incidental to the normal and usual operation of said business and the management and preservation of said property, to keep the property of the within estate insured in such manner and to such extent as it may deem necessary and advisable, to collect and receive all income and profits, and all outstanding accounts and credits due or to become due to the within estate, and to hold and retain all monies thus received in excess of the expenses of operation to the end that the same may be applied under this or different or further orders of this Court, and to pay and discharge out of any funds now or hereafter coming into its hands, all taxes and similar charges lawfully incurred in the operation of its business and the preservation and maintenance of its properties since the filing of said petition;

    b) close the present books of account as of the close of business on the date of the entry of this order, and shall open new books of account, as of the opening of business on the next succeeding business day, in which new books of account shall be kept proper accounts of the earnings, expenses, receipts, disbursements and all obligations incurred and transactions had in the operation of the business and the management, preservation and protection of the property of the within estate; and said Debtor–in–Possession shall preserve proper vouchers for all payments made on account of such disbursements;

    c) close the existing bank accounts of the debtor and open new accounts in the name of the debtor–in–possession. All deposits or investments of money of the estate must be made in accordance with 11 U.S.C. §345 and Rule 5008. The report required under Rule 5008(b) shall be submitted within thirty (30) days of the date the petition was filed.

2) Pursuant to §362 of Title 11, United States Code, the filing of said petition operates, without notice, as an automatic stay of the commencement or continuation of any court or other proceeding against the Debtor, of the enforcement of any judgment against it, or of any act or the commencement or continuation of any court proceeding to enforce any lien against its property, or of any court proceeding. Proceedings, acts or conduct in contravention of this automatic stay are subject to invalidation and further sanctions by the Court as authorized by law.

3) Pursuant to §1334(d) of Title 28, United States Code and Rule 7004(d), the jurisdiction and process of this Court extends throughout the United States.

4) Until final decree or the further order of this Court, all creditors and stockholders, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents and employees, and all other persons, firms and corporations, wheresoever located, be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing in any court or other forum or otherwise any action at law or suit or proceeding against said Debtor or any trustees which may hereafter be appointed by this Court or from executing or issuing or causing the execution or issuance out of any court or other authority and writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property owned by or in the possession of the said Debtor or any said trustees appointed by the Court, and from doing any act or thing whatsoever to attempt execution or enforce any lien or interfere with the possession or management by said Debtor or said trustees of the property and assets of the within estate, or in any way interfere with said Debtor, or any said trustee in the discharge of their duties, or to interfere in any manner during the pendency of this proceeding with the exclusive jurisdiction of this Court over said Debtor and its property and said trustees and their performance of their duties or their title, control and disposal of said properties and all persons, firms or corporations owning any lands or buildings occupied by said Debtor or said trustees or wherein is contained any property of the within estate be, and they hereby are, jointly and severally, stayed, pending the further order of this Court, from removing or interfering with any such property.

5) All persons, firms and corporations with contractual relations or other duties to the Debtor at the time of the filing of the petition, shall fully and timely perform and discharge those obligations and duties until relieved therefrom by order of this Court.

6) All persons, firms and corporations are enjoined and stayed until further order of this Court from disturbing, interfering with, or interrupting utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone (including present telephone numbers) or any other utility of like kind furnished the Debtor–in–Possession.

7) That all persons holding books, records, real or personal property or assets of the company of any kind whatsoever, including but not limited to monies, mortgages, choses in action, etc., are directed to forthwith turn over such assets to the Debtor upon its request and presentment of a copy of this order without further order of this Court.

8) The Debtor–in–Possession shall forthwith report to this Court any act or actions by any persons, firms, or corporations interfering with or obstructing the performance of the duties of the Debtor as set forth herein. The Debtor–in–Possession shall permit any such person access to the books and records relating to the account of such persons, firms, or corporations, including lending institutions, for the purposes of audit of said accounts in accordance with practice and procedure heretofore or hereafter established and followed in regard to such accounts and audits.

9) Subject to the provisions of §364, the Debtor–in–Possession be and it is hereby empowered to obtain goods on credit and to borrow funds in the name of the Debtor–in–Possession in the ordinary course of business and to take possession of the funds and to pay and discharge said funds in order to meet the current obligations of the Debtor-in-Possession. The debts created by such extensions of credit and borrowings of the Debtor–in–Possession are, in each case, to be secured by a pledge of the inventory obtained as a result thereof, and further secured by pledge of the first proceeds realized upon sale of said inventory or processed material arising therefrom. Further, upon approval by the Court, said debts will be accorded priority superior to unsecured debts existing at the time of the filing of the Debtor's petition. The Debtor–in–Possession may obtain credit other than in the ordinary course of business only upon application and approval by the Court.

10) This Court reserves the full right, power and jurisdiction to direct the affirmance or rejection of any and all contracts of the Debtor, executed in whole or in part, and the continued operation by said Debtor under any such contracts, pending further order of this Court in respect thereto, shall not be deemed to preclude the Debtor, or this Court, in respect to such rights of rejection, to apply for and to make from time to time such orders as it shall deem proper in execution of the powers conferred by Title 11, United States Code, and in general, to make such orders amplifying, extending, limiting or otherwise modifying this Order and any and all other orders hereafter made herein, as to the Court at any time may seem proper.

11) During the aforesaid operation and management herein authorized, the debtor–in–possession shall file with the court and with the members of the Creditors Committee, the monthly report required under Rule 2015. The report for each month's operation shall be signed by the debtor or an officer of the debtor and shall be filed not later than the 20th day of the following month, i.e., a report for June's operation shall be filed on or before July 20th. As a minimum, each report shall specifically include a balance sheet, a profit and loss statement, and a statement of changes in financial position (cash). The report shall further state whether or not the debtor has paid all current operating expenses, including current taxes, and, if not, the extent to which they remain unpaid. The report shall list all current operating expenses unpaid at the end of each month.

12) The debtor–in–possession shall comply with the terms and conditions set forth in Administrative Order No. 05–001 Establishing Initial Procedures in Chapter 11 Cases which can be found on the Court's website.

If said reports are not timely filed, the case shall be sua sponte dismissed without further notice or hearing.

**DONE AND ORDERED** at Tallahassee, Florida, February 14, 2008 .

<u>/s/ Lewis M. Killian Jr.</u>
Lewis M. Killian Jr.
U.S. Bankruptcy Judge

Service to:
    Debtor
    Debtor(s) Attorney
    U.S. Trustee