UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                                          CASE NO.: 08-40084-LMK

OLIN CONSTRUCTION COMPANY, INC.                                 CHAPTER 11

Debtor.
_____/

## APPLICATION TO EMPLOY SPECIAL ATTORNEY

The application of Olin Construction Company, Inc., and respectfully represents:

1. The Debtor filed a petition herein under chapter 11 of Title 11 United States Code on February 13, 2008..

2. The Debtor had been engaged in business.

3. The Debtor, as Debtor-in-Possession, wishes to employ Ken W. Davis, as special counsel under a general retainer (see agreement attached hereto as Exhibit A) to pursue the Debtor's pending Negligence action in State Court Case No.: 07-1101-CA.

4. The applicant has selected Ken W. Davis, for the reason that he has gained experience of the Debtors' state court litigation and the Debtor believes that said attorney is well qualified to represent the Debtor, as Debtor-in-Possession, in those proceedings. Furthermore, it is necessary for the Debtor, as Debtor-in-Possession, to employ an attorney for such special services.

5. To the best of the Debtors' knowledge, Ken W. Davis, has no connection with the Debtor, the creditors, or any other party in interest, or its respective attorney, other than acting as Debtors attorney, pre-petition, in State court litigation against Moore Bass Consulting Inc. and others.

6. No party in interest has requested the appointment of a Trustee, thus no

notice of this application need be given and no hearing thereon need be held because of the presumption accorded the Debtor-in-Possession pursuant to 11 U.S.C. Section 1107 (b).

WHEREFORE, your applicant prays that Debtor be authorized to employ Ken W. Davis, as special attorney, under general retainer, to represent the Debtor, as Debtor-in-Possession, in the referenced State Court proceedings and said Debtor have such other further relief as is just.

DATED this 6th day of March, 2008.

| | |
|---|---|
| /S/ Olin Granthum | /S/ Thomas B. Woodward |
| President | Thomas B. Woodward |
| Olin Construction Company, Inc. | Attorney for Debtor |
| | FL Bar No.: 0185506 |
| | P.O. Box 10058 |
| | Tallahassee, FL 32302 |
| | 850-222-4818 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon U.S. Trustee by electronic filing this 6th day of March, 2008.

/s/ Thomas B. Woodward

## CONTRACT OF EMPLOYMENT

The Undersigned, Olin Granthum, President of Olin Construction Company, Inc. hereinafter called "Client(s)", retain and employ Ken W. Davis, Attorney at Law, 210 E. College Avenue, Tallahassee, Florida, (herein "Attorney")as the Client's attorney in connection with the following matter:

A suit against Moore Bass Consulting, Inc., Edward Bass, III PE and Shawn Shanks, PE., for recovery of damages, sustained as the result of a breach of contract for professional service, professional negligence, and misrepresentation as in the attached complaint.

It is understood and agreed that the Attorney shall have and receive the following for his services:

1. Retainer in the amount of $1,000.00 which represents payment in full if the above action requires less than 4 hours work on the part of said Attorney. It is expressly agreed and understood that no part of this retainer shall be refunded. Receipt is hereby acknowledged of $1,000.00 to be credited toward payment of the retainer. The balance of the retainer shall be paid as follows:

2. For all time spent on this action in excess of 4 hours, said Attorney shall be compensated at a rate of $300.00 per hour, which shall be billed and paid by the Client(s) monthly.

3. The Client(s) are to be responsible for and pay all costs incurred in this action, including but not limited to expenses for photocopying, long distance telephone calls, fax, postage, photographs, witness fees and mileage, court costs, private investigators, expert witnesses, medical reports, travel, scientific tests, etc. A cost deposit of $500.00 is required and receipt of $500.00 towards said cost deposit is acknowledged. If costs exceed the initial deposit, the Client(s) shall make additional cost deposits as requested by counsel and/or pay all costs on a monthly basis at Attorney's option. Any amount of cost deposit remaining at the conclusion of this representation shall be applied in payment of the balance of fee due.

4. If this case be settled in a manner other than a contested trial, no part of the fee is to be returned. Should the services of the undersigned Attorney be terminated, no part of the fee is to be returned.

5. If this case has to be retried for any reason after it has once been tried or a mistrial declared after evidence has been offered, that a reasonable charge on a per day basis will be agreed upon by the parties.

6. The above retainer and this employment agreement does not include any services for appeal of the above case to an appellate court. Should an appeal be necessary, a charge will be agreed upon by the parties at that time.

7. Attorney in his discretion and upon notice given to the Client(s) may employ experts to investigate and/or evaluate facts pertinent to the cause of action and to provide opinions and/or testimony. Fees charged by such experts shall be paid by Client(s).

8. Attorney in his discretion may employ associate counsel to assist them in furtherance of the Client's interests, such associate counsel to be paid by Attorney or as approved by the Client(s).

9. The Client(s) agrees to assist Attorney in the Client(s) representation by responding in a timely manner to all requests for information, documentation and other matters of inquiry made by Attorney.

10. Attorney is hereby given a lien on the claim or cause of action, on any sum recovered by way of settlement and on any judgment that may be recovered for unpaid fees and cost as setforth above.

11. It is acknowledged by Client(s) that the undersigned Attorney has made no promises or guarantees as to the outcome of the case. The undersigned Attorney does, however, agree to exert his best efforts at all times on behalf of the undersigned Client(s) in preparation, trial or anything necessary to be done.

12. Client(s) acknowledge(s) receipt of a copy of this agreement which comprises the entire agreement between the Attorney and undersigned Client(s).

DATED at Tallahassee, Florida, on this __18__ day of April, 2007.

_____
**Ken W. Davis**
Attorney at Law
Post Office Box 37190
Tallahassee, Florida 32315-7190

_____
**Olin Granthum, Client**

**Olin Construction Company, Inc.**

_____
**By Olin Granthum, Client**