UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                          CASE NO.: 08-40084-LMK

OLIN CONSTRUCTION COMPANY, INC.                 CHAPTER 11

    Debtor.
_____/

## APPLICATION TO EMPLOY APPRAISAL NUNC PRO TUNC

The application of Olin Construction Company, Inc., and respectfully represents:

1. The Debtor filed a petition herein under chapter 11 of Title 11 United States Code on February 13, 2008..

2. The Debtor had been engaged in business.

3. The Debtor, as Debtor-in-Possession, wishes to employ Ketcham Appraisal Group Inc., under a general retainer (see agreement attached hereto as Exhibit A) to prepare an appraisal on Debtor's commercial (Fish Tails) property in Carrabelle, Florida and act as an expert in the Debtor's pending Negligence action in State Court Case No.: 07-1101-CA.

4. The applicant has selected Ketcham Appraisal Group, Inc. for the reason that they have gained experience of the Debtors' referenced commercial property and the Debtor believes that said appraisal Group is well qualified to represent the Debtor, as Debtor-in-Possession, in those proceedings, in their respective capacity. Furthermore, it is necessary for the Debtor, as Debtor-in-Possession, to employ an appraiser for such special services.

5. To the best of the Debtors' knowledge, Ketcham Appraisal Group Inc., has no connection with the Debtor, the creditors, or any other party in interest, or its

respective attorney, other than acting as Debtors appraiser, pre-petition, in State court litigation against Moore Bass Consulting Inc. and others.

6. No party in interest has requested the appointment of a Trustee, thus no notice of this application need be given and no hearing thereon need be held because of the presumption accorded the Debtor-in-Possession pursuant to 11 U.S.C. Section 1107 (b).

WHEREFORE, your applicant prays that Debtor be authorized to employ Ketcham Appraisal Group Inc., Nunc Pro Tunc to February 13, 2008, under general retainer, to represent the Debtor, in the referenced State Court proceedings and said Debtor have such other further relief as is just.

DATED this 4th day of June, 2008.

/S/ Olin Granthum
President
Olin Construction Company, Inc.

/S/ Thomas B. Woodward
Thomas B. Woodward
Attorney for Debtor
FL Bar No.: 0185506
P.O. Box 10058
Tallahassee, FL 32302
850-222-4818

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon U.S. Trustee by electronic filing this 4th day of June, 2008.

/S/ Thomas B. Woodward



Clay B. Ketcham, MAI, SRA, CCIM
State Certified
General Appraiser
226
(Florida)
State Certified
General Real Property
Appraiser CG004509
(Georgia)

---

Eminent Domain

Expert Witness

Litigation Support

Damage Studies

Cure Analysis

Easements

Road Widening Projects

Inverse Condemnation

Bankruptcy

Estates

Divorce

Residential

Commercial

Office

Multi Family

Retail

December 20, 2007

Mr. Ken Davis, Esquire
210 East College Avenue
Suite 200
Tallahassee, Florida 32301

RE: Olin Construction/Moore Bass Consulting, Inc.
Carrabelle Real Estate Appraisal

Dear Ken:

It is my pleasure to submit this scope of services letter for the work on the above referenced property.

**GENERAL SCOPE OF WORK**
Our work will be subject to general assumptions and limiting conditions which are attached to this letter of engagement or have been provided to you in the past.

This work may be subject to extraordinary assumptions and/or hypothetical conditions. We will inform you if we identify these conditions during our work.

Our work will conform to the Uniform Standards of Professional Appraisal Practice (USPAP) and The Code of Ethics of The Appraisal Institute, Chapter 475 Part II and Rule 61J1 FAC under jurisdication of the Florida Real Estate Appraisal Board.

**SCOPE OF WORK:**
The client is the party or parties who engages an appraiser (by employment or contract) in a specific assignment (see attached). The term client, has specific meaning in the context of a real estate appraisal assignment and this agreement. The payment of fees by a third party does not grant client privilege.

You are our client and we are not permitted to discuss our work, disclose confidential information or provide a copy of this appraisal report to any other party not authorized by you, except for peer review by The Appraisal Institute or State Enforcement Agencies.

This appraisal will be used in pending litigation between your client and Moore Bass Consulting, Inc. in negotiating a damage claim. The intended users are yourself and your client, Olin Construction, Inc.. Due to different scope of work needs and reporting requirements of other third parties, there are no other intended users of this appraisal report.

EXHIBIT "A"

1203 Thomasville Road
P.O Box 13403
Tallahassee, Florida 32317
850/681.9400
850/222.0564 fax
ketchamgroup.com

Our work, based on your specific needs, in conjunction with the intended use will include estimating the current 'as is' market value of the real estate, based on my highest and best use opinion. The developer has obtained engineering, a recent zoning change and made sites improvements. All of these experiences will be taken into consideration in my analysis. As vacant land, the income approach is not applicable. The most applicable approach is the cost approach valuing the land by the direct sales comparison approach, and analyze the expenses and value contribution.

As per our conversation yesterday, 12/19/2007, it may be necessary to expand the scope of work to include other valuation dates. Should this occur, we will need to amend our scope of work and possibly our fees. We will report our findings in a summary report.

**FEE**

**Our fee for the work outlined in this letter of engagement is not to exceed $7,000.** We will keep time records and our expenses and will bill for actual time and expenses, but we do not foresee the fee exceeding $7,000. If we see that the cost may exceed this amount, we will let you know and get your authorization to proceed.

It is unethical for an appraiser to accept an assignment, or to have a compensation arrangement for an assignment, that is contingent on any of the following:
1. the reporting of a predetermined result (e.g., opinion of value)
2. A direction in assignment results that favors the cause of the client
3. The amount of a value opinion
4. The attainment of a stipulated result;
5. The occurrence of a subsequent event directly related to the appraiser's opinion and specific to the assignment's purpose.[1]

You may or not agree with the value opinion expressed in our appraisal and your obligation to pay the agreed fee is not contingent on any of the items identified above.

Our fees are due on delivery of the appraisal report, and if not paid within 30 days, are subject to interest at 1.5% per month. You agree that you will be responsible for all cost of collections including attorneys fees and court costs, etc. This agreement may be terminated by either party subject to payment of fees and costs incurred up to the point of termination.

**DELIVERY**

**We can deliver the report within 30 days of your authorizaton to proceed.**

Thank you for the opportunity to provide you with this scope of services. I hope that you find it acceptable and we look forward to hearing from you at your earliest convenience. We will wait for your authorization to proceed before beginning work.

Sincerely,

*Clay Ketcham* (signature)

Clay B. Ketcham, MAI, SRA, CCIM
Ketcham Appraisal Group, Inc.

Accepted and Authorization to proceed:

*Ken Davis* (signature)

Mr. Ken Davis
Esquire

Date: 1-23-08

accepted by *Olin K. Grantham* (signature)
1-23-08

---

[1] USPAP, 2006 Edition, The Appraisal Foundation: pg.8