**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

IN RE:                                                                                    CASE NO.: 08-40084-LMK

**OLIN CONSTRUCTION COMPANY, INC.**              CHAPTER 11

    **Debtor.**
_____/

## ORDER CONFIRMING PLAN OF REORGANIZATION

THIS CAUSE came before the Court on Confirmation Hearing of Debtor's First Amended Plan of Reorganization, the U.S. Trustee having no objection, the parties being present, the Court, having heard the proffered testimony of Debtor, and after having reviewed the pleadings and being otherwise advised in the premises, finds as follows:

    1.    The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code;

    2.    That the proponent of the Plan complies with the applicable provisions of the Code;

    3.    That the Plan has been proposed in good faith and not by means forbidden by law;

    4.    a. That any payment made or promised by the proponent, and expenses in or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the Court;

            b. Any such payments made before confirmation are reasonable; or if such payment is to be fixed after confirmation of the Plan such payment is subject to approval of the Court as reasonable;

5. With respect to each class:

a. Each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain were Debtor to liquidate under Chapter 7; or

b. If Section 1111 (b)(2), of the Code applies to the claims of such class, each holder of the claim of such class will receive or retain under the Plan on account of such claim, property of a value as of the effective date of the Plan, that is not less than such value of such creditor's interest in the Estate's interest in property that secures such claims;

6. With respect to each class, such class has accepted the Plan or such class is not impaired under the Plan;

7. Except to the extent that a holder of a particular claim has agreed to a treatment of such claim, the Plan provides:

a. With respect to a claim of the kind specified in Section 507 (a)(1) or Section 507 (a)(2) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim, cash equal to the allowed amount of such claim;

b. With respect to a class of claims of the kind specified in Section 507 (a)(3-6) of the Code, each holder of a claim of such class will receive, if such class has accepted the Plan, deferred cash payments of a value as of the effective date of the Plan, equal to the allowed amount of such claims; or if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; and

c. With respect to a claim of the kind specified in Section 507 (a)(7), the holder of such claim shall receive, unless agreed to otherwise, on the account of such claim deferred cash payments, over a period not exceeding five(5) years after the date of the order for relief under Section 30, 302, or 303 of a value, as of the effective date of the Plan, equal to the allowed amount of such claim.

8. At least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class or the Plan is a 100% plan as to all creditors.

9. The Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of the Debtor under the Plan unless such liquidation or reorganization is proposed under the Plan.

10. Debtor shall pay all outstanding United States trustee fees before closing of the estate.

11. That the effective date of Debtor's Plan shall be eleven (11) days subsequent to the date of the entry of this Order.

12. That the Plan is feasible as set forth in 11 U.S.C. 1129(a).

13. The unsecured claim of Olin Granthum, by Stipulation, shall be subordinated, for purposes of payment under the First Amended Plan, to all other unsecured creditors.

14. That the Debtor is authorized to execute any and all documents requested by creditors and/or directed by Local Rules consistent with the Plan of Reorganization.

4

15. That this Court retains jurisdiction of this Estate until "substantial consummation" has occurred at which time Debtor shall cause a Motion to Close the Estate to be filed:

IT IS THEREFORE ORDERED that Debtor's First Amended Plan of Reorganization, consistent with the findings herein, is confirmed.

DONE AND ORDERED in Tallahassee, Florida this _14th_ day of October, 2008.

LEWIS M. KILLIAN, JR.
Bankruptcy Judge